**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
Attorneys for Plaintiff
  Samsung America, Inc.

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 AUG 19  A 5:32

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMSUNG AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> L'AMICI, INC. and DRAPER'S & DAMON'S, <br><br> Defendants. | Civil Action No. 05-4136(JAP) <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CAUSES OF ACTION UNDER NEW JERSEY COMMON LAW** |

Plaintiff Samsung America, Inc. ("Samsung" or "Plaintiff"), by and through its attorneys, McCarter & English, LLP, as and for its complaint against defendants L'Amici, Inc. ("L'Amici") and Draper's & Damon's alleges as follows:

## NATURE OF THE CASE

1. This is a civil action to remedy the unauthorized manufacture and sale by L'Amici of fabric bearing a design substantially similar to Ethnic Fish and Floral Design No. 1957, a copyright-protected design registered by Samsung, as well as the unauthorized creation of this infringing design and sale of high end women's clothing created from fabric bearing this

Infringing Design by Draper's & Damon's, conduct constituting copyright infringement, and breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, promissory estoppel, and intentional interference with contract and prospective economic advantage under the common law of the State of New Jersey

## THE PARTIES

2. Plaintiff Samsung is a New York corporation having a principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

3. Upon information and belief, defendant L'Amici is a California corporation with a principal place of business of 4809 Alcoa Avenue, Vernon, California 90058.

4. Upon information and belief, defendant Draper's & Damon's is a privately held company having its principal place of business at 9 Pasteur, Irvine, California 92618-3804.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and under the common law of the State of New Jersey. Original federal question subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction over the causes of action under New Jersey State law are proper pursuant to 28 U.S.C. § 1367(a) insofar as these causes of action are so related to claims within such original jurisdiction that they form part of the same case or controversy.

6. This action is between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Original diversity jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1332(a)(1).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

**Plaintiff Samsung and Ethnic Fish and Floral Design No. 1957**

8.   Plaintiff Samsung is a commodities trading, marketing and distribution, and investment company that deals in a variety of products including chemicals, steel, metals, textiles, and natural resources. Among its many business activities, Samsung creates textile designs and purchases the rights to textile designs, contracts with manufacturers to produce fabrics bearing these designs, and sells the fabrics to clothing designers to incorporate into high end women's apparel.

9.   On February 13, 2004, plaintiff Samsung purchased fabric design number RT 9906 from Creations Robert Vernet of Lyon, France which included an assignment to plaintiff Samsung of all the exclusive rights of copyright set forth in 17 U.S.C. § 106 with respect to this fabric design.

10.   Thereafter, representatives of Samsung created a new design based upon fabric design number RT 9906 and labeled this derivative work Ethnic Fish and Floral Design No. 1957 (the "Ethnic Fish and Floral Design"). The Ethnic Fish and Floral Design is a repetitive pattern on black knit fabric of paired and overlapping designs in peach and dusty rose of primitive linear fish caricatures, branches with leaves, fully-bloomed flowers, decorative squares and rectangles containing linear filigree, linear concentric circles surrounded by dots, roughly formed squares and rectangles of alternating wavy lines and lines of dots, and free-flowing filigree augmented by dots. A color photocopy of the Ethnic Fish and Floral Design is attached as Exhibit A.

11.   On May 6, 2005, plaintiff Samsung secured from the Register of Copyrights Certificate of Registration VA 1-301-6511 for the Ethnic Fish and Floral Design. A true and accurate copy of this copyright registration is attached as Exhibit B.

3

**Defendant L'Amici**

12. Upon information and belief, defendant L'Amici is a company that contracts with the owners of fabric designs to manufacture and sell fabrics bearing these designs.

**Defendant Draper's & Damon's**

13. Upon information and belief, defendant Draper's & Damon's is a retailer of high end women's apparel with a network of 49 stores nationwide in Arizona, California, Colorado, Florida, Illinois, Iowa, Maryland, Nebraska, Texas, and Virginia; an annual circulation of over 30 million print catalogs of women's apparel; and an Internet web site offering a catalog that permits individuals to make online purchases of women's apparel.

**Samsung Enters into a Contract with L'Amici**

14. Beginning on October 20, 2004, plaintiff Samsung contracted with defendant L'Amici for defendant L'Amici to manufacture 4,000 yards of fabric bearing the Ethnic Fish and Floral Design for plaintiff Samsung. Defendant L'Amici agreed not to infringe plaintiff Samsung's rights of copyright in this design or to facilitate such infringement by third parties.

15. Plaintiff Samsung had separately contracted with a retailer of high end women's apparel to exclusively supply this company with the 4,000 yards of fabric manufactured by defendant L'Amici bearing the Ethnic Fish and Floral Design, and had informed defendant L'Amici of this exclusive contract.

**L'Amici and Draper's & Damon's Infringe the Ethnic Fish and Floral Design**

16. While defendant L'Amici was in the process of manufacturing for plaintiff Samsung fabric bearing the Ethnic Fish and Floral Design, a representative of defendant L'Amici

4

displayed to a representative of defendant Draper's & Damon's the Ethnic Fish and Floral Design.

17. Upon information and belief, this representative of defendant Draper's & Damon's expressed interest to the representative of defendant L'Amici in acquiring fabric bearing such a design.

18. Upon information and belief, this representative of defendant L'Amici advised the representative of defendant Draper's & Damon's that plaintiff Samsung had contracted with another retailer of high end women's apparel to exclusively supply this company with the 4,000 yards of fabric manufactured by defendant L'Amici bearing the Ethnic Fish and Floral Design.

19. Upon information and belief, this representative of defendant L'Amici provided this representative of defendant Draper's & Damon's with a sample of the fabric that defendant L'Amici was manufacturing for plaintiff Samsung bearing the Ethnic Fish and Floral Design.

20. Upon information and belief, a representative of defendant Draper's & Damon's thereafter created a fabric pattern substantially similar to the Ethnic Fish and Floral Design without the authorization of Samsung (the "Infringing Design"). The Infringing Design is a repetitive pattern on black knit fabric of paired and overlapping designs in light pink and dusty rose of branches with leaves, decorative squares and rectangles containing linear filigree, roughly formed squares and rectangles of alternating wavy lines and lines of dots, and free-flowing filigree augmented by dots. A color photocopy of the Infringing Design is attached as Exhibit C.

21. Defendant L'Amici manufactured fabric bearing the Infringing Design created by a representative of defendant Draper's & Damon's and sold such fabric to defendant Draper's & Damon's.

### L'Amici's and Draper's & Damon's Acts of Infringement Affected New Jersey

22.    Defendant Draper's & Damon's caused to be created women's apparel of fabric bearing the Infringing Design, including products identified as AA7916 Cardigan, AA7918 Cropped Pants, and AA8380 Print Tee.

23.    Defendant Draper's & Damon's publicly displayed and offered for sale such women's apparel in its retail stores, its print catalogs and its online catalog accessible via the company's Internet web site. Defendant Draper's & Damon's mailed its print catalogs containing such women's apparel nationwide, including to residents of New Jersey. Furthermore, defendant Draper's & Damon's online catalog containing such women's apparel was accessible worldwide via the Internet, including by residents of New Jersey.

24.    Upon information and belief, defendant L'Amici knew that defendant Draper's & Damon's intended to publicly display and offer for sale women's apparel created from the fabric it manufactured bearing the Infringing Design in Draper's & Damon's retail stores, print catalogs and online catalog and that such public display and offer for sale would be directed to residents of New Jersey.

25.    Defendant Draper's & Damon's sold such women's apparel in its retail stores and via mail in response to telephonic and online orders. Telephonic and online orders for such women's apparel were placed by residents of many states, including New Jersey, and defendant Draper's and Damon's fulfilled such orders placed by New Jersey residents by mailing and causing to be mailed this women's apparel to addresses in New Jersey.

6

26. Upon information and belief, defendant L'Amici knew that defendant Draper's & Damon's intended to sell women's apparel created from the fabric it manufactured bearing the Infringing Design through telephonic and online orders for such women's apparel placed by and subsequent mailing of this apparel to residents of many states, including New Jersey.

### The Willful Nature of Draper's & Damon's Infringement

27. On May 31, 2005, defendant Draper's & Damon's was served with a letter demanding, among other things, that the company "immediately and permanently cease and desist from the further manufacture, sale, offering for sale, distribution, or public display, via the Internet or otherwise, of any goods bearing Ethnic Fish & Floral Design No. 1957 or any other design that is substantially similar to this design." Enclosed with this letter were color copies of Internet web pages from defendant Draper's & Damon's online catalog displaying and offering for sale products identified as AA7916 Cardigan, AA7918 Cropped Pants, and AA8380 Print Tee.

28. Despite having been placed on notice of its infringing activity, defendant Draper's & Damon's has continued to sell women's apparel created from fabric bearing the Infringing Design. For example, on August 2, 2005, defendant Draper's & Damon's sold one AA7916 Cardigan and one AA7918 Cropped Pants to a resident of New Jersey by mailing this apparel to a New Jersey address in response to an online order originating from New Jersey.

29. Furthermore, despite having been placed on notice of its infringing activity, defendant Draper's & Damon's has continued to display and offer for sale women's apparel created from fabric bearing the Infringing Design in its online catalog accessible via the company's Internet web site. Indeed, defendant Draper's & Damon's was displaying such

women's apparel in its online catalog as of August 19, 2005, the date of the filing of this complaint.

## COUNT I
## Copyright Infringement
### (By L'Amici and Draper's & Damon's)

30. Samsung repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth at length herein.

31. Samsung owns all rights of copyright in the Ethnic Fish and Floral Design.

32. Draper's & Damon's knowingly, willfully and intentionally infringed Samsung's rights of copyright in the Ethnic Fish and Floral Design through unauthorized preparation of a derivative work by creating the Infringing Design without the authorization of Samsung.

33. L'Amici knowingly, willfully and intentionally infringed Samsung's rights of copyright in the Ethnic Fish and Floral Design through unauthorized reproduction by manufacturing fabric bearing the Infringing Design without the authorization of Samsung.

34. L'Amici knowingly, willfully and intentionally infringed Samsung's rights of copyright in the Ethnic Fish and Floral Design through unauthorized distribution by selling and providing to Draper's & Damon's fabric bearing the Infringing Design without the authorization of Samsung.

35. Draper's & Damon's knowingly, willfully and intentionally infringed Samsung's rights of copyright in the Ethnic Fish and Floral Design through unauthorized public display by offering for sale women's apparel created from fabric bearing the Infringing Design in its retail stores, its print catalogs and its online catalog accessible via the company's Internet web site.

36. Draper's & Damon's knowingly, willfully and intentionally infringed Samsung's rights of copyright in the Ethnic Fish and Floral Design through unauthorized distribution by selling women's apparel created from fabric bearing the Infringing Design in its retail stores and via mail in response to telephonic and online orders.

37. Samsung has sustained damages as a consequence of these acts of infringement by L'Amici and Draper's & Damon's.

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendants L'Amici and Draper's & Damon's:

(i) for actual damages suffered as a result of the infringement, and any profits that are attributable to the infringement and not taken into account in computing the actual damages;

(ii) for attorneys' fees and costs of suit; and

(iii) for such other relief as the Court deems equitable and just.

## COUNT II
### Breach of Contract
### (By L'Amici)

38. Samsung repeats and realleges paragraphs 1 through 37 of the Complaint as if fully set forth at length herein.

39. L'Amici had an agreement with Samsung whereby L'Amici would manufacture 4,000 yards of fabric bearing the Ethnic Fish and Floral Design for Samsung and that, in the process, L'Amici would forebear from infringing Samsung's rights of copyright in this design and from facilitating such infringement by third parties.

40. L'Amici failed to perform its duty to Samsung to forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties.

41. As a direct result of L'Amici's failure to perform this duty, L'Amici infringed Samsung's rights to reproduce and distribute the Ethnic Fish and Floral Design and facilitated Draper's & Damon's infringement of Samsung's rights to prepare a derivative work of, publicly display and distribute this design.

42. Samsung sustained damages as a consequence of L'Amici's failure to perform its duty to forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties.

43. Upon information and belief, L'Amici's actions have been undertaken willfully, maliciously and with intent to injure Samsung.

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendant L'Amici:

   (i) for compensatory, consequential and punitive damages, including interest thereon;

   (ii) for attorneys' fees and costs of suit; and

   (iii) for such other relief as the Court deems equitable and just.

## COUNT III
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (By L'Amici)

44. Samsung repeats and realleges paragraphs 1 through 43 of the Complaint as if fully set forth at length herein.

45. The agreement between L'Amici and Samsung by virtue of which L'Amici manufactured 4,000 yards of fabric bearing the Ethnic Fish and Floral Design for Samsung includes the implied covenant of good faith and fair dealing.

46. L'Amici's failure to forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties constituted a breach of the implied covenant of good faith and fair dealing.

47. Upon information and belief, L'Amici's actions have been undertaken willfully, maliciously and with intent to injure Samsung.

48. As a direct and proximate result of L'Amici's conduct, Samsung has sustained damages.

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendant L'Amici:

    (i) for compensatory, consequential and punitive damages, including interest thereon;

    (ii) for attorneys' fees and costs of suit; and

    (iii) for such other relief as the Court deems equitable and just.

### COUNT IV
### Breach of Fiduciary Duty
### (By L'Amici)

49. Samsung repeats and realleges paragraphs 1 through 48 of the Complaint as if fully set forth at length herein.

50. L'Amici had a duty to forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties during

its performance under its agreement with Samsung to manufacture 4,000 yards of fabric bearing this design.

51. L'Amici intentionally failed to honor this duty to forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties during its performance under its agreement with Samsung to manufacture 4,000 yards of fabric bearing this design.

52. As a direct result of L'Amici's intentional failure to honor this duty, L'Amici infringed Samsung's rights to reproduce and distribute the Ethnic Fish and Floral Design and facilitated Draper's & Damon's infringement of Samsung's rights to prepare a derivative work of, publicly display and distribute this design.

53. Samsung sustained damages as a consequence of L'Amici's intentional failure to honor this duty.

54. Upon information and belief, L'Amici's actions have been undertaken willfully, maliciously and with intent to injure Samsung.

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendant L'Amici:

  (i) for compensatory, consequential and punitive damages, including interest thereon;

  (ii) for attorneys' fees and costs of suit; and

  (iii) for such other relief as the Court deems equitable and just.

## COUNT V
### Promissory Estoppel
### (By L'Amici)

55. Samsung repeats and realleges paragraphs 1 through 54 of the Complaint as if fully set forth at length herein.

56. L'Amici promised Samsung that it would forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties during its performance under its agreement with Samsung to manufacture 4,000 yards of fabric bearing this design.

57. L'Amici should have reasonably expected that Samsung would rely upon its promise that it would forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties.

58. Samsung reasonably relied upon L'Amici's promise that it would forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties.

59. As a direct result of L'Amici's failure keep its promise, L'Amici infringed Samsung's rights to reproduce and distribute the Ethnic Fish and Floral Design and facilitated Draper's & Damon's infringement of Samsung's rights to prepare a derivative work of, publicly display and distribute this design.

60. Samsung sustained damages as a consequence of its reliance upon L'Amici's promise that it would forebear from infringing Samsung's rights of copyright in the Ethnic Fish and Floral Design and from facilitating such infringement by third parties

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendant L'Amici:

(i) for compensatory, consequential and punitive damages, including interest thereon;

(ii) for attorneys' fees and costs of suit; and

(iii) for such other relief as the Court deems equitable and just.

## COUNT VI
### Intentional Interference with Contract and Prospective Economic Advantage
### (By Draper's & Damon's)

61. Samsung repeats and realleges paragraphs 1 through 60 of the Complaint as if fully set forth at length herein.

62. Samsung has entered into a valid contract with a retailer of high end women's apparel to exclusively supply this company with the 4,000 yards of fabric manufactured by defendant L'Amici bearing the Ethnic Fish and Floral Design.

63. Upon information and belief, Draper's & Damon's had knowledge of Samsung's contract with another retailer of high end women's apparel to exclusively supply this company with the 4,000 yards of fabric manufactured by defendant L'Amici bearing the Ethnic Fish and Floral Design.

64. Draper's & Damon's infringement of Samsung's rights to prepare a derivative work of, publicly display and distribute the Ethnic Fish and Floral Design has had the effect of wrongfully interfering with Samsung's contract with this other retailer of high end women's apparel to exclusively supply the company with the 4,000 yards of fabric manufactured by defendant L'Amici bearing the Ethnic Fish and Floral Design.

65. Upon information and belief, Draper's & Damon's actions have been undertaken willfully, maliciously and with the intent to interfere with Samsung's contract with this retailer of high end women's apparel.

66. As a direct and proximate result of Draper's & Damon's conduct, Samsung has sustained damages.

WHEREFORE, plaintiff Samsung demands that judgment be entered against defendant Draper's & Damon's:

(i) for compensatory, consequential and punitive damages, including interest thereon;

(ii) for attorneys' fees and costs of suit; and

(iii) for such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Samsung demands a trial by jury on all claims for relief alleged herein on which it has a right to trial by jury.

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff
Samsung America, Inc.

By: s/Scott S. Christie
SCOTT S. CHRISTIE (SC-8280)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

DATED: August 19, 2005

AUG 1 9 2005
AT 8:30   5:32 PM
WILL[...]SH, CLERK

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action or proceeding in any court, or of any pending arbitration or administrative proceeding.

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff
Samsung America, Inc.

By: _____
Scott S. Christie, Esq.

RECEIVED
AUG 19 2005
AT 5:32 PM
WILLIAM T. WALSH, CLERK

ME1\5144300.2